# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**DANNY LUCAS,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-296**        (Fam. Ct. Kanawha Cnty. Case No. FC-20-2021-D-1067)

**CHRISTIE LUCAS,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Danny Lucas ("Husband") appeals the Family Court of Kanawha County's July 1, 2025, Final Order, ruling on his contempt petition against Respondent Christie Lucas ("Wife"). Wife filed a response.[1] Husband filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The underlying facts are not in dispute. The parties were divorced pursuant to an order entered by the family court on April 12, 2022. As part of the divorce, they executed a settlement agreement dated March 22, 2022. The court ratified the settlement agreement and included explicit findings in the divorce order regarding the agreement's validity and that the parties agreed to its terms. A signed copy of the agreement was attached to the divorce order. Pertinent to this appeal, the attached agreement stated that Wife agreed to make a $20,000 equalization payment to Husband under the following terms:

> Twenty Thousand Dollars ($20,000.00) to be paid by [Wife] to [Husband]. This sum shall be paid upon the refinance of the parties' former marital residence. [Wife] shall immediately commence the process to refinance the former marital residence[,] and she shall make good faith efforts to refinance the home. In no event, shall [Wife] take more than three (3) years from March 22, 2022, to pay this portion of the equalization payment.

---

[1] Husband is represented by James M. Pierson, Esq. Wife is represented by Thomas H. Peyton, Esq.

1

The attached agreement also included handwritten modifications concerning the equalization payment and Wife's obligation to refinance the former marital residence. The notation "$20k @ 4%" was added to the equalization-payment provision, and the refinance language was modified to state that Wife was to "begin [the] process to refi[nance] immediately and make continuing good faith efforts to refi[nance], but in no event later than 3 years after today's date." Additionally, pursuant to the settlement agreement, Wife agreed to be responsible for "all remaining debt, including taxes," and the parties agreed to file a joint tax return for the 2021 calendar year in an effort to reduce their joint tax liability.

Prior to this appeal, Wife filed a contempt petition against Husband in 2023, alleging that he had failed to comply with certain obligations imposed by the divorce order. Following a hearing, the family court entered an order holding Husband in contempt and ordering him to pay $2,000 for Wife's attorney's fees. Neither party appealed this order. The record reflects that Husband paid Wife's former counsel the amount owed, but Wife was unaware that the payment had been made.

Also in 2023, the parties were subjected to a state consumer sales tax audit, which resulted in them owing additional tax liabilities. The audit concerned two sole proprietorships the parties had operated during the marriage: a taxidermy business and a livestock stable business. Although these businesses were not expressly addressed in the divorce order, in the order at issue in this appeal the family court found that the divorce order treated the businesses' income as marital property and that, under the parties' settlement agreement, Husband received the assets of the taxidermy business while Wife received the assets of the stable business. The order on appeal also contains an express finding that the prospect of an audit and related tax debt were not contemplated by the divorce order.

As it relates to the present appeal, on or about March 26, 2025, Wife sent Husband $14,308.69 in purported satisfaction of the $20,000 equalization payment as required by the divorce order, along with a letter explaining that the reduced payment amount reflected certain offsets to which she believed she was entitled. In this letter, Wife explained that first, she deducted the $2,000 in attorney's fees previously awarded by the family court, which she believed remained unpaid. Second, she deducted $3,591.31, representing one-half of the amounts she paid to an accounting firm ($1,065.25) that represented the parties' businesses in the state consumer sales tax audit and to the State ($2,506.06) to satisfy the parties' tax debt discovered by the audit. In her letter, Wife contended that Husband was responsible for one-half of the audit-related debt and expenses because the settlement agreement did not assign her sole responsibility for post-divorce tax liabilities arising from their former marital businesses.

In response, Husband asserted that Wife's payment did not satisfy her obligation and demanded payment of the full equalization amount without any offsets, plus

2

four-percent interest. Wife made no further payments. As a result, Husband filed the underlying contempt petition on May 7, 2025. He alleged that, under the divorce order, he was entitled to an equalization payment of $20,000 plus four-percent interest, and that Wife's failure to remit the full amount constituted a willful and contumacious violation of the order. Husband requested a finding of contempt and an award of his reasonable attorney's fees.

The family court heard Husband's petition on June 12, 2025, and, after considering the matter, entered the order now on appeal. In its order, the court found that the divorce order required Ms. Lucas to pay Mr. Lucas a $20,000 equalization payment no later than three years after March 22, 2022. The court further found that the handwritten notation "4%" on the settlement agreement, which the court had ratified and incorporated into the divorce order, referred to the interest applicable to that payment. However, the court determined that this notation was ambiguous. As such, the court interpreted the divorce order as a whole and concluded that the 4% interest rate applied to the equalization payment beginning three years after March 22, 2022.

Addressing Wife's claimed offsets, the court found that Husband had already paid the court-ordered attorney's fees and had, therefore, satisfied that obligation. With respect to the audit-related tax debt, the court acknowledged that the divorce order did not expressly contemplate such liability. Nonetheless, the court noted that a fair reading of the order shows that Husband received the primary assets of the taxidermy business, while Wife received the assets of the stable business, and that the income from both businesses was treated as marital property during the divorce proceedings. Accordingly, the court found it equitable to offset Husband's equalization payment by $1,062.35, representing the portion of tax debt attributable to the taxidermy business.

The court further found that, because Wife agreed to assume all remaining debt and taxes, she was not entitled to any additional offset for the audit-related costs. After adjusting Wife's initial offset to reflect Husband's payment of attorney's fees and his portion of the audit-related tax debt ($5,691.31 minus $1,062.35), the court concluded that Wife owed Husband an additional $4,628.96 to satisfy the equalization payment, with simple interest accruing at four percent per annum beginning March 22, 2025. The court did not find Wife to be in contempt and ordered each party to pay their own attorney's fees and costs, denying Husband's request for attorney's fees.

Husband's appeal followed.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of
> Appeals of West Virginia, the Intermediate Court of Appeals shall review

3

the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband asserts three assignments of error. His first and second assignments of error challenge the court's interpretation of the parties' settlement agreement as reflected in the divorce order; therefore, consistent with prior cases, we elect to consolidate those arguments for the purposes of this appeal. In his final assignment of error, Husband contends the family court erred by failing to award him his reasonable attorney's fees and costs. We will address these issues in turn.

Husband's first assignment of error challenges the family court's interpretation of its own order and asserts that the family court erred in finding that, under the parties' settlement agreement, Wife was entitled to an equitable offset of $1,062.35 from her equalization payment for the tax debt she paid on the taxidermy business, an asset awarded to Husband in the divorce order. He contends that it is undisputed that the parties freely and voluntarily agreed to the settlement terms, which the court ratified and incorporated into the divorce order, and that the agreement plainly states that Wife agreed to pay all outstanding debt and taxes. Thus, he argues that the court erred in finding that the audit-related tax debt was not contemplated by the agreement and, as a result, lacked authority to interpret any portion of the agreement, much less rely on principles of equity to conclude that the offset was proper. He further asserts that this Court must instead apply the agreement's plain language and reverse the family court. Husband relies on similar rationale to argue that the family court erred when it interpreted the agreement to determine that the agreed-upon four percent interest rate did not begin accruing on Wife's equalization-payment obligation until the expiration of her three-year grace period to refinance the former marital residence. Husband asserts that interest has been accruing on the $20,000 equalization payment Wife owed to him since entry of the divorce order in April 2022. We are not persuaded by either contention.

As framed on appeal, Husband's arguments invite the Court to reweigh the evidence and reach a more favorable conclusion. However, as we have previously explained, precedent states that an appellate court will not substitute its judgment for that of the fact finder or reexamine factual determinations that are supported by the record. *See Mulugeta v. Misailidis,* 239 W. Va. 404, 408, 801 S.E.2d 282, 286 (2017). In fact, this Court recently addressed this issue in a different appeal where we reiterated:

We cannot set aside a family court's factual findings unless they are clearly erroneous. A finding is clearly erroneous only when the reviewing court on

4

the entire evidence is left with the definite and firm conviction that a mistake has been committed. Under the clearly erroneous standard, an appellate court does not reweigh the evidence and cannot reverse a family court's findings simply because it may have viewed the evidence differently.

*Christy K. v. Jimmy K.*, No. 25-ICA-253, 2026 WL 939221, at *6 (W. Va. Ct. App. Apr. 7, 2026) (memorandum decision) (citation modified). Moreover, we have further noted that "appellate courts have generally recognized that a lower court's interpretation of its own order is entitled to some degree of deferential treatment on appeal." *Minor v. Ford*, 24-ICA-245, 2025 WL 658325, at *3 (W. Va. Ct. App. Feb. 28, 2025) (memorandum decision) (citation modified).

Applying these principles to the present case, we conclude that Husband has failed to articulate reversible error. The record shows that, at the time of the divorce, the family court approved the parties' modified settlement agreement and incorporated its terms into the divorce order. The divorce order contains clear language reflecting the parties' assent to its terms, and these facts are not in dispute. Husband's contempt petition was based on the terms of the agreement as reflected in the divorce order, and the parties' disagreement over its meaning placed the issue squarely before the court. After reviewing the divorce order, the court determined that, based on the order's plain language, it was reasonable to conclude that Wife was entitled to offset her equalization payment to Husband and that interest would not begin to accrue until the expiration of Wife's agreed-upon refinance period.

Critically, Husband does not offer any authority to circumvent the family court's determinations.[2] Instead, he merely urges the Court to adopt his alternative interpretation of the record. As we previously noted, a mere disagreement with the outcome below does not establish cognizable error on appeal. Upon review of the entire record, we cannot conclude that the family court's findings were clearly erroneous, or that its ultimate decision was an abuse of discretion. Therefore, we affirm the court on this issue.

Husband's final assignment of error contends that the court erred by denying his request for attorney's fees and costs. He acknowledges that the request was committed to the court's discretion but argues that Wife's failure to pay the full equalization amount in the first instance demonstrates that she acted in bad faith, vexatiously, wantonly, or for oppressive reasons and, therefore, his request should have been granted. Husband asks this Court to reverse the ruling below so that he may be made whole. This argument lacks merit.

---

[2] In support of his argument regarding the effective date of the interest rate, Husband cites isolated language from a Fourth Circuit decision in a bankruptcy appeal. However, the language he relies upon merely reflects a general discussion of interest rates, and decisions of the Fourth Circuit are neither binding nor precedential on this Court. Accordingly, we find that case irrelevant to the matter sub judice.

As Husband observed, an award of attorney's fees is within the sound discretion of the family court and is reviewed on appeal for an abuse of discretion. *See* Syl. Pt. 5, *Wachter v. Wachter*, 216 W. Va. 489, 607 S.E.2d 818 (2004). However, Husband offers no meaningful argument on appeal; instead, he simply asks the Court to reweigh the evidence and substitute its judgment for that of the family court in order to reach his preferred outcome. For the reasons previously discussed, we decline to do so. Thus, we cannot conclude that the family court's denial of Husband's request for attorney's fees and costs constituted an abuse of discretion, and we therefore affirm.

Accordingly, we find no reversible error and affirm the family court's July 1, 2025, Final Order.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge S. Ryan White

Chief Judge Daniel W. Greear, not participating